**In re CYCH, INC., f/k/a CyberCash, Inc., Debtor.**

**CYCH, Inc., f/k/a CyberCash, Inc., Plaintiff,**

**v.**

**EVS Holding Company, Inc., Defendant.**

**Bankruptcy Nos. 01–622 (MFW) to 01–624 (MFW).**

**Adversary No. 01–8856 (MFW).**

United States Bankruptcy Court, D. Delaware.

April 4, 2003.

Robert J. Dehney, Jason W. Harbour, Morris Nichols, Arsht & Tunnell, LLP, Wilmington, DE, Counsel for the Plaintiff.

Linda Richenderfer, Chad J. Toms, Saul Ewing, LLP, Wilmington, DE, Lyanne B. Wescott, Saul Ewing, LLP, Philadelphia, PA, Counsel for the Defendant.

### MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion filed by defendant EVS Holding Company ("EVS")

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

for Summary Judgment in the breach of contract action commenced by CYCH, Inc. ("CYCH"). For the reasons set forth below, the Motion will be denied.

## I. *FACTUAL BACKGROUND*

CYCH, f/k/a CyberCash, Inc., filed a voluntary chapter 11 petition on March 2, 2001. On November 26, 2001, CYCH filed an adversary proceeding against EVS, alleging breach of contract and seeking judgment in the amount of $60,000.

Prior to filing its petition, CYCH provided services in e-commerce transactions, including electronic payment services, to both the business-to-consumer and business-to-business markets. On or about April 1, 2001, CYCH and EVS entered into a CyberCash Payment Card Service Reseller Agreement("the Agreement"), which allowed EVS to act as a reseller of CYCH's payment card services to EVS' customers. EVS was to pay CYCH a monthly service fee, based on the number of EVS' customers utilizing CYCH's services subject to a minimum fee of $15,000.

When EVS failed to pay for services provided from January to April 2001, totaling $60,000, CYCH filed suit. EVS filed a Motion for Summary Judgment asserting that the Agreement had been terminated by it on January 10, 2001, and that consequently nothing was due from it. EVS also asserted that, even if it does owe anything, under the terms of the Agreement CYCH has agreed to indemnify it thereby precluding any recovery by CYCH. The parties have briefed the issues raised by the Summary Judgment Motion and it is ripe for decision.

## II. *JURISDICTION*

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

## III. *DISCUSSION*

### A. *Standard for Summary Judgment*

The underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Under Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, all facts must be viewed and all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### B. *Termination*

■ In support of its Motion for Summary Judgment, EVS asserts that it terminated the Agreement on January 10, 2001. Paragraph 12(c) of the Agreement provided that "EVS shall have the right to terminate this Agreement for any reason after August 31, 2000." EVS asserts that it terminated the Agreement by providing the written notice required by Paragraph 13(m) by email with a confirming paper copy to the address on the cover page of the Agreement.

CYCH disputes the alleged termination. It submitted affidavits attesting to the fact that the notice was never received and that the paper copy was sent to the wrong person. EVS argues, however, that the Agreement required merely that notice be

sent, not that it be received. However, all inferences are required to be drawn in favor of CYCH, and one inference that could be drawn from the fact that the notice was never received is that it was not sent.

CYCH's affidavits also state that EVS continued to use its services through April 2001 and even registered new customers after the alleged termination date. From that it could also be inferred that EVS never terminated the Agreement.

Finally, CYCH asserts that EVS has waived its right to assert that the Agreement was terminated because EVS failed to object to the assumption and assignment of the Agreement to Verisign, Inc., which was approved by this Court on April 17, 2001.

We must view the evidence submitted in the light most favorable to CYCH. CYCH has produced credible evidence, which if correct, would refute EVS' assertion that the Agreement was terminated. Consequently, we conclude that genuine issues of material fact exist which preclude the entry of summary judgment in favor of EVS.

### C. Indemnification

■ EVS also asserts that it is entitled to indemnification from CYCH pursuant to Paragraph 9 of the Agreement, which provides that "CyberCash shall indemnify, defend, and hold harmless EVS against all loss, damage, or expense of any kind, including attorneys' fees and costs of litigation, arising from a claim of a third party." CYCH opposes EVS' indemnification argument because CYCH asserts that indemnification is only due if there is a dispute arising from the claim of a third party. EVS argues that Paragraph 9's indemnification is not limited to claims of third

parties but covers all claims that EVS may have for loss or damage.

■ We agree with CYCH that Paragraph 9(a) of the Agreement indemnifies only claims "arising from a claim of a third party." In interpreting a contract, courts must "not treat any word or clause as meaningless if any reasonable interpretation consistent with the other portions of the contract can be ascribed to it." *Chantilly Constr. Corp. v. Commonwealth*, 6 Va.App. 282, 369 S.E.2d 438, 445 (1988).[2]

EVS asserts that the "third party" reference in Paragraph 9 is simply another in the list of damages that are "included" in the indemnification provision. Thus, according to EVS' interpretation of Paragraph 9, CYCH must indemnify EVS from all losses associated with the contract including (1) attorneys' fees, (2) costs, and (3) those arising from the claim of a third party. We disagree. If EVS were correct the phrase would substitute a comma for the "and" between "fees and costs" and replace "arising" with "and."

Furthermore, EVS' interpretation would render that clause so broad as to be meaningless. It would for example require CYCH to cover any loss which EVS would suffer from its resale of services to customers, any loss from its performance under the contract, and its attorneys' fees incurred in drafting or reviewing the contract. That is not a fair reading of the provision.

Finally, if EVS' reading of Paragraph 9(a) were correct and indemnification was not limited to third-party claims, EVS would be able breach the contract with impunity because CYCH would be required to indemnify EVS for costs associated with its own breach. That is not a logical reading of the contract.

**2.** Paragraph 13(d) of the Agreement states that Virginia law governs. The parties do not

dispute the validity of this choice of law clause.

To read Paragraph 9(a) as EVS suggests would make what was once a complete sentence an incomplete one. As currently written, the Paragraph requires CYCH to indemnify EVS for costs, including attorneys' fees and costs of litigation, that arise in connection with a claim by a third party. Accepting EVS' reading, the Paragraph would require CYCH to indemnify EVS for costs "including ... arising from a claim of a third party," which is nonsensical.

EVS also argues in a footnote in its Reply Brief that CYCH is a third party since the Agreement has since been assigned. However, CYCH was a party to the contract at the time the alleged breach occurred and is suing to enforce the rights it has as a party to the contract. Further, to the extent CYCH is a third party by virtue of having assigned its rights and obligations under the contract to Verisign, the duty to indemnify would also have passed to Verisign.

Consequently, we conclude that EVS is not entitled to summary judgment on its indemnification argument.

## IV. *CONCLUSION*

For the foregoing reasons, the Motion of EVS for Summary Judgment will be denied.

An appropriate Order is attached.

### *ORDER*

AND NOW, this **4TH** day of **APRIL, 2003,** upon consideration of the Defendant's Motion for Summary Judgment and the response of the Plaintiff, it is hereby

**ORDERED** that the Motion is hereby **DENIED.**